[No. 38037.    Department Two.    March 31, 1966.]

*In the Matter of the Estate of* RICHARD BAXTER, *Deceased.*
J. B. THOMAS, *Appellant,* v. RUTH BAXTER, *as Executrix,*
*Respondent.**

*Lawrence S. Cleman,* for appellant.

PER CURIAM.—This appeal involves a controversy between a judgment creditor in a nonintervention will probate proceeding and the surviving spouse-executrix, who, pursuant to provisions of the homestead statute, RCW 11-.52.010 (Laws of 1955, ch. 205, § 10), claims all of the assets of the community which remain after (1) deduction of certain expenses of administration and (2) exclusion of a joint-survivorship banking account.

The essential facts may be summarized as follows:

J. B. Thomas sold a house in Ellensburg to Richard Baxter and his wife, Ruth Baxter, agreeing to move the structure to the farm of Jake Indermuhle, the father of Mrs. Baxter. A dispute arose out of this transaction, and the

*Reported in 412 P.2d 777.

Baxters initiated a lawsuit against J. B. Thomas. He filed a mechanics lien respecting the sum allegedly due him for the house-moving job, as well as an answer and a cross complaint, in the lawsuit initiated by the Baxters. While the lawsuit was pending, Richard Baxter died. Subsequently, a judgment was recovered by J. B. Thomas on his counterclaim. The nonintervention will of Richard Baxter was admitted to probate, with Ruth Baxter (the surviving spouse) designated as executrix. The assets were inventoried and appraised at a value of $9,029.18. Included in the inventory and "listed for inheritance tax purposes only," was a joint-survivorship bank account of the decedent and the surviving spouse in the sum of $2,589.18. A petition for an order of solvency was filed, stating that the assets of the estate exceeded its liabilities, and an order of solvency was entered. Thereafter, the surviving spouse petitioned for an award in lieu of homestead, not to exceed $6,000, as provided by RCW 11.52.010. J. B. Thomas filed a claim of $1,532.00, plus court costs, as a judgment creditor, and moved to quash the petition for setting aside the estate to the surviving spouse. It was and still is contended by J. B. Thomas, judgment creditor, that the petition for an order of solvency and the entry of such an order in the probate proceeding constituted Ruth Baxter (the executrix and surviving spouse) a trustee of certain assets including the joint bank account of $2,589.18 as inventoried and appraised apropos of the order of solvency; that the total assets exceeded the exemption of $6,000 in the sum of $3,029.18; that, in effect, such sum was impressed with a trust, and was available for satisfaction of the judgment claim of J. B. Thomas. The trial court entered findings of fact and conclusions of law adverse to the theory of the judgment claim of J. B. Thomas. The trial court made finding of fact No. 13, as follows:

> That the inventory and appraisement filed in the above-entitled estate properly listed all of the assets of said estate. That the cash in bank listed in the inventory and appraisement was a joint account with right of survivorship and as such was properly listed for inheritance tax purposes only. That the total assets of this estate

were of the value of $6,440.00, but by inadvertent mistake were stated in the petition for order of solvency by the executrix of said estate as of the value of $9,029.18.

The trial court's conclusion of law No. 2 was as follows:

That the cash in bank in the amount of $2,589.18 listed in the inventory and appraisement in this estate was a joint account with right of survivorship and as such was properly listed for inheritance tax purposes only. That said cash in bank is owned by the surviving joint owner and is not an asset of the estate available for the payment of creditors claims in this estate.

The trial court added (a) certain expenses of administration ($500 in fees for the executrix and her attorney), (b) the sum of $398.92 due on a conditional sale contract, and (c) the amount of the joint bank account in the sum of $2,589.18. This, by simple arithmetic, reduced the appraised value of the estate inventory to the sum of $5,541.08. After deduction of court costs and publication expenses in the amount of $30.20, there remained $5,510.88 as the net value of the estate, which sum was set aside by order of the court to the surviving spouse.

J. B. Thomas has appealed and has filed a brief. The court has not been favored with a brief in behalf of the surviving spouse, and somewhat understandably so considering the size of this small estate in terms of the amount of money involved.

The trial court reasoned that the petition for an order of solvency and the order of solvency entered in the estate were the result of misunderstanding and inadvertence; furthermore, that the legislative policy implicit in the homestead-in-lieu award and set-aside provisions of RCW 11.52.010 should be accorded priority, was controlling and dispositive of the controversy involved. The appellant's theory is an ingenious one. But we have no hesitation in agreeing with the reasoning of the trial court and his disposition of the matter. In appellant's brief several suggestions or inferences are advanced that respondent as the surviving spouse-nonintervention trustee could have marshaled assets or funds other than those listed in the inven-

tory and appraisal of the estate; furthermore, that such assets would have been available to satisfy appellant's judgment claim. Finding of fact No. 13 entered by the trial court is quoted hereinbefore. In part it states:

> That the inventory and appraisement filed in the above-entitled estate properly listed all of the assets of said estate.

The agreed statement of facts supports this finding. We will not overturn it. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959). Again, we agree with the propriety of the simple arithmetic performed by the trial judge. In a nutshell, we have concluded that the legislative policy of this state expressed in RCW 11.52.010 must be accorded priority, is controlling, and is dispositive of this controversy.

The judgment of the trial court is affirmed.